IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No. 4:11-CV-00094-BO

| | |
|---|---|
| BRUCE BANNISTER; MAX DUTTON; and MARION TOWLES;<br><br>Towles,<br><br>vs.<br><br>WAL-MART STORES EAST, L.P.,<br><br>Defendant. | **APPENDIX TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING MAX DUTTON'S CLAIMS** |

**J**

**Unpublished Case**
*Bell v. Wal-Mart Assocs., Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY A. BELL, <br> TERESA WEISINGER, and <br> KELLI CACKLER, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART ASSOCIATES, INC., <br> and WAL-MART STORES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-11-448-R <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is Plaintiffs' motion to compel discovery. Specifically, Plaintiffs seek an order compelling Defendant to answer Interrogatory No. 25 and to produce documents responsive to Requests for Production Nos. 14 through 16. Doc. No. 23. All of these discovery requests relate to a Memorandum to the Board of Directors from Susan Chambers, Executive Vice President of the Global People Division for Wal-Mart Stores, Inc., entitled "Reviewing and Revising Wal-Mart's Benefits Strategy." According to Defendant, the Memorandum was prepared by McKinsey & Company. There are statements in the Memorandum to the effect that Wal-Mart's growth in benefits costs was "unacceptable," blaming an "aging workforce" and "increasing average tenure" as "root causes." The Memorandum also states that it is "most troubling" that the "least productive Associates are more satisfied with their benefits than other segments and are interested in longer careers with Wal-Mart." The Memorandum also describes steps designed to "attract a healthier,

more productive workforce" and contains recommendations that all jobs include some physical activity and that Wal-Mart offer benefits that "appeal to healthier associates." The Memorandum also contains statements about the impact of longer tenure of Wal-Mart employees on the cost of wages and benefits. Plaintiffs' discovery requests which are the subject of the motion to compel seek descriptions of communications had, policies implemented and/or studies/analyses done in connection with the Memorandum (Interrogatory No. 250; documents relating or referring to the Memorandum (Request No. 14); studies, analyses and reports on which the Memorandum was based (Request No. 15); and policies, plans and strategies developed in connection with the Memorandum (Request No. 16). Defendant in response to these discovery requests asserted that they were overly broad, sought irrelevant information and material and were made for the purpose of harassment. Defendant also stated that the decision-makers for the challenged actions in this case weren't recipients of the Memorandum and did not rely on it or any documents relating or referring to it in reaching their decisions and didn't confer with the author of the Memorandum regarding their decisions. It further asserted that it objected to the requests because there is no causal connection between the Memorandum, documents related to it and the adverse employment decisions in this case.

Plaintiffs assert that the information and documents sought fell within the broad scope of relevancy under F. R. Civ. P. 26(b)(1) and that the burden of showing that the information sought is not relevant is Defendant's, as the party resisting discovery. Plaintiffs assert that the statements in the Memorandum are consistent with the discriminatory views and actions

alleged in this case, that is, of Wal-Mart forcing out its older, long-term employees. In this pattern or practice case, Plaintiffs assert that documents and information related to the Memorandum may reveal patterns of discrimination against a group of employees, increasing the likelihood that the employee's explanation for its actions is pretextual. They maintain that Defendant has not met its burden fo showing that the requested discovery is not relevant to the issues in this case. They also suggest that Defendant has not shown and cannot show that the discovery requests are overbroad or intended solely for the purpose of harassment. Plaintiffs state that a good faith conference in an attempt to resolve this discovery dispute was held pursuant to LCvR 37.1 on or about January 30, 2012 and that numerous subsequent discussions were had in an attempt to resolve this discovery dispute but the parties were unable to resolve it.

   Defendant in its response and objection to Plaintiff's motion to compel [Doc. No. 33] again asserts that Plaintiffs' requests are overly broad in scope, unduly burdensome and propounded for the purpose of harassment. Defendant also asserts that the requests are "based on facts not in evidence" and seek substantial work product and privileged communications stemming from Wal-Mart's engagement of McKinsey by the law firm of Paul, Hastings, Janofsky & Walker in April of 2004 to provide legal advice in connection with litigation and potential litigation involving Wal-mart's employment practices. Most importantly, however, Defendant asserts that Plaintiff's requests are not reasonably calculated to lead to the discovery of relevant or admissible evidence because there is no causal connection between the Memorandum and any related or source documents and the

adverse employment actions at issue. Defendant asserts that the substantial discovery conducted to date, including written discovery, ten depositions and the production of 17,148 pages of documents, has consistently established that the Memorandum is completely irrelevant to the employment decisions in this case. Defendant then summarizes the evidence discovered to date concerning the named Plaintiffs' employment and the employment decisions they challenge, including evidence that Plaintiff Bell was terminated for performance problems and that he never mentioned his age during the open door process; that Plaintiff Cackler struggled with performance issues for more than nine months, including those that resulted in her termination; and that Plaintiff Weisinger voluntarily resigned but that at that time and for a significant period before that, she struggled with performance issues and, in relation to her resignation, she never indicated she was discriminated against based on her age. More significantly, Defendant has submitted evidence that none of the four Wal-Mart employees who had decision-making authority regarding the Plaintiffs considered their age or were directed to consider their age in connection with their employment decisions and none of them were aware of the Memorandum until after Plaintiffs filed this lawsuit. Moreover, inasmuch as the Plaintiffs themselves had decision-making authority with respect to other employees, Defendant points out that all of the Plaintiffs have testified under oath that they did not see the Memorandum until well after their separations from Wal-Mart. Defendant also points out that the Wal-Mart Human Resources Director over the entire Oklahoma Region has testified that she has never reviewed the Memorandum, never heard Ms. Chambers say anything about an aging workforce, increasing average tenure of

Associates or Wal-Mart's benefit strategy and that she has never been involved in any discussion at Wal-Mart as to the underlying cause of increasing healthcare costs. Based on this evidence, Defendant asserts that there is no link between the Memorandum and the employment decisions at issue as a matter of law. Moreover, Defendant asserts that the statements in the Memorandum are ambiguous but that even if they could be found to be ageist, they are stray remarks temporally remote from the adverse employment decisions at issue and therefore irrelevant, citing, *inter alia*, *Patel v. Midland Memorial Hospital & Medical Center*, 298 F.3d 333, 343-44 (5th Cir. 2002); *Cone v. Longmont United Hospital Assoc.*, 14 F.3d 526, 530-31 (10th Cir. 1996); and *EEOC v. Clay Printing Co.*, 955 F.2sd 936, 942 (4th Cir. 1992).

    Plaintiffs in reply [Doc. No. 35] reurge that the requested discovery is relevant to their claims, particularly because they are alleging that a pattern or practice of age discrimination existed at Wal-Mart. Plaintiffs cite to testimony of the Human Resources Manager for the Oklahoma Region in an attempt to show that changes were made at Wal-Mart stores consistent with the "bold steps" and "limited risk initiatives" addressed in the Memorandum and/or that those "initiatives" were put in place. However, the excerpt of Ms. Maddera's deposition testimony submitted by Plaintiffs, *see* Exhibit "3" to Plaintiffs' Reply, does not support Plaintiffs' assertions. At best, Ms. Maddera testified that maximizing the productivity of the workforce had been discussed at the last human resources meeting; that every year the benefit packages will change, whether in premiums or deductibles; and that Wal-Mart wants to communicate better that it is a good employer to work for. Deposition

of Aimee Maddera (Exhibit "3" to Reply) at pp. 69-71. Moreover, Ms. Maddera's testimony provides no link between the Memorandum, any steps or initiatives mentioned therein or any communications or documents referring or relating to it and any of the employment decisions concerning the Plaintiffs.

     Having carefully reviewed the arguments made and evidence and authorities cited by the parties, the Court DENIES Plaintiffs' motion to compel discovery. Plaintiffs have wholly failed to show any link between the Memorandum and the employment decisions at issue. Indeed, Defendant's evidence affirmatively establishes that the Wal-Mart employees who had decision-making authority over the Plaintiffs had never seen the Memorandum until after Plaintiffs filed suit. None of the Plaintiffs, who had decision-making authority over other employees, had seen the Memorandum until well after they were terminated or left Wal-Mart's employ, either and Defendant's Human Resources Manager over the entire Oklahoma Region had never seen the Memorandum or received any directive regarding an aging workforce, the increasing average tenure of employees or the cause of increasing healthcare benefits. Accordingly, communications, studies, analyses, plans, strategies and documents relating or referring to the Memorandum, whether generated after the Memorandum was written or forming the basis for the Memorandum, are not relevant to the alleged adverse employment decisions at issue. The Memorandum ad the related information and documents Plaintiffs seek by the discovery requests that are the subject of this motion are not relevant to Plaintiffs' claims and discovery thereof does not appear to be reasonably calculated to lead to the discovery of admissible evidence. F. R. Civ. P. 26(b)(1). In addition, statements in

the Memorandum that could be construed as ageist or discriminatory against longer-tenured employees are "stray remarks." *See e.g., Cone v. Longmont United Hospital Assoc.*, 14 F.3d 526, 530-31 (10th Cir. 1996); *Hysten v. Burlington Northern Santa Fe Railway Co.*, 415 Fed. Appx. 897, 911-12 (10th Cir. Mar. 16, 20110(No. 09-3333).

In accordance with the foregoing, Plaintiffs' motion to compel discovery [Doc. No. 23] is DENIED.

IT IS SO ORDERED this 17th day of December, 2012.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE