IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-94-BO

MAX DUTTON, )
)
        Plaintiff, )
)
v. ) **ORDER ON BILL OF COSTS**
)
WAL-MART STORES EAST, L.P., )
)
        Defendant. )

This matter is before the undersigned on the bill of costs [D.E. 119] filed by Wal-Mart Stores East, L.P. ("defendant"). Max Dutton ("plaintiff") did not file an objection, and the matter is ripe for determination.

## BACKGROUND

On June 10, 2011, plaintiff commenced this employment discrimination action against defendant, his former employer [D.E. 1]. On February 25, 2014, the court granted defendant's motion for summary judgment [D.E. 116] and entered judgment [D.E. 117]. On March 10, 2014, defendant timely filed a bill of costs [D.E. 119] and an affidavit by counsel in support of the costs [D.E. 119–1].

## DISCUSSION

As the prevailing party in this action, defendant requests $7,318.34 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than

attorney's fees–should be allowed to the prevailing party."). "[T]he rule creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Distr. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Thus, defendant is entitled to costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.

Defendant requests $40.00 in fees for the witness, Robert Mann [D.E. 119; D.E. 119-1]. "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). Accordingly, defendant is awarded $40.00 in costs for witness fees.

Next, defendant seeks $7,278.34 in costs for deposition transcripts for plaintiff, Eric Litchfield, and Robert Mann [D.E. 119; D.E. 119-1 at Ex. A; D.E. 120]. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). "The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition[.]" Local Civil Rule 54.1(c)(1)(a). A review of the invoices submitted by defendant indicates that $4,528.14 in deposition transcript costs and appearance fees are allowable under 28 U.S.C. § 1920(2) and Local Civil Rule 54.1(c)(1)(a). For the reasons explained, the remaining costs of $2,751.00 associated with the transcripts are disallowed.

The court reporter invoices provided by defendant include fees for video services. See Aff. in Supp. [D.E. 119 at Ex. A; D.E. 120 at 2, 8]. Typically, the costs of videotaping are not taxable. See Cherry, 186 F.3d at 449 (concluding that absent a showing that both costs of transcribing and videotaping a deposition were necessary, and not merely convenient, only transcription costs are

2

recoverable); Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp.2d 503, 511 (E.D.N.C. 2012). Here, defendant failed to demonstrate that both transcribing and videotaping the depositions were necessary for use in the case. Therefore, defendant's request for costs for video services in the amount of $1790.00 is disallowed.

In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling, and expedited processing. See, e.g., Nwaebube v. Employment Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (unpublished) (disallowing costs of exhibit copies); Parish v. Siemens Med. Solutions USA, Inc., No. 5:08-CV-622-BR, 2011 WL 1098966, at *2 (E.D.N.C. Mar. 15, 2011) (unpublished) (disallowing costs for condensed transcripts, a word index, and a litigation support-disk); Hexion v. Specialty Chemicals, Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (unpublished) (denying costs for shipping and postage); Fulmore v. United Parcel Service, Inc., 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 8, 2013) (unpublished) (disallowing costs for expedited transcript). The court reporter invoices in this matter include costs for per diem, document repository, shipping, copies of exhibits, and administrative fees. See Aff. in Supp. [D.E. 119 at Ex. A; D.E. 120 at 3-4,6-8]. Under Local Civil Rule 54.1, these costs are non-taxable, and defendant's award is reduced by $961.00.

## CONCLUSION

In sum, defendant, as the prevailing party, is awarded $4528.14 in deposition transcript costs pursuant to 28 U.S.C. § 1920(2) and $40.00 for witness fees under 28 U.S.C. § 1821. Defendant's award is reduced by $2551.00 as non-taxable costs. Total costs in the amount of $4568.14 are taxed

3

against plaintiff and shall be included in the judgment.

SO ORDERED. This 13th day of March 2015.

*[signature]*
Julie Richards Johnston, Clerk of Court

4